UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.:   1:01 CR 386 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| CLYDE A. BAER, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter comes before the Court upon the Motion of Defendant, Clyde A. Baer, for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (ECF # 380). Mr. Baer pled guilty to one count of conspiracy to distribute and possess with the intent to distribute between 1,000 and 3,000 kilograms of marijuana (Count One of the Indictment). He also pled guilty to knowingly conducting a financial transaction involving proceeds from a specified unlawful activity and affecting interstate commerce (Count Three of the Indictment). He was sentenced on or about February 22, 2002 to a term of 262 months on Count One, and 240 months on three, to run concurrently. This sentence was based on a finding that Mr. Baer was a career offender under U.S.S.G. § 4B1.1, and that the offense level was 37. This resulted in a sentencing range of 262-327 months.

Defendant is ineligible for a sentence reduction under 18 U.S.S.G. § 3582(c)(2) and 1B1.1, and Amendment 782 because his guideline range has not been lowered by a retroactive amendment to the sentencing guidelines. Amendment 782 revised the Drug Quantity Tables

across drug types in Section 2D1.1, lowering the penalties for most drug offenses by two levels. Amendment 782 was made retroactive by the Sentencing Commission. Mr. Baer's sentence, however, was not based on the drug levels set forth in Section 2D1.1. Rather, Mr. Baer's was sentenced as a career offender pursuant to Section 4B1.1. His career offender status elevated his offense level above the 2D1.1 guidelines and the provisions of Section 4B1.1 have not been amended or otherwise affected by the recent guideline amendments. Therefore, because Mr. Baer was sentenced based on Section 4B1.1, and Section 4B1.1 was not affected by the retroactive amendments, he is not entitled to a reduction in sentence. *See, United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009), *cert. denied*, 559 U.S. 951 (2010). For these reasons, Defendant's Motion is hereby DENIED. IT IS SO ORDERED.

DATED: February 29, 2016

DONALD C. NUGENT
United States District Judge