IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:01 CR 0386 |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CLYDE A. BAER, | ) | |
| | ) | |
| Defendant-Movant. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |

Before the Court is Defendant's Motion for Reconsideration of this Court's Order dated March 1, 2016. (ECF #383). In that Order, ECF #382, the Court denied Defendant's Motion for Retroactive Reduction of Guideline Range and Sentence Pursuant to 18 U.S.C. § 3582(C) and 18 § U.S.C. 3553(A). (ECF #380). Defendant contends that the Court did not take into account "all facts" when it denied Defendant's Motion for Reduction. (ECF #383, pg. 1). However, as Plaintiff has pointed out, Defendant's contention does not fall under 18 U.S.C. § 3582(C) and 18 U.S.C. § 3553 precluding a sentence. (ECF #384, pg. 2 (citing *United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009), *cert. denied*, 559 U.S. 951 (2010))). Defendant's Motion cites no

new law, nor any facts that were not available at the time of its original motion. A motion for reconsideration is not the proper means by which a party may raise issues or facts that have been, or could have been, addressed in the original proceedings. Rather, if a party is not satisfied with a Court ruling, made with full access to the relevant law and facts, its dissatisfaction may be addressed at the appropriate time through an appeal. Defendant could have sought redress through a direct appeal or a motion under 28 U.S.C. § 2255. (ECF# 384, pg. 2). The Court's prior ruling was a correct reflection of the law. Nothing in the Defendant's Motion alters the reasoning or the conclusions set forth in this Court's Order dated March 1, 2016. Defendant's Motion for Reconsideration is, therefore, denied.

IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United Stated District Judge

Date: June 2, 2016